**Ivonne HERMAWAN; Peter Aron Subroto, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

Nos. 06–71469, 06–73474.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted March 18, 2009.*

Filed March 25, 2009.

Robert George Ryan, Eugene C. Wong, Esquire, Law Offices of Eugene C. Wong, Inc., San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, Jessica Eden Sherman, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**620**

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Ivonne Hermawan and her husband, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's decision denying their application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT") (No. 06–71469), and the BIA's denial of their motion to reconsider its decision (No. 06–73474). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003) and for abuse of discretion the denial of a motion to reconsider, *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004). We deny the petitions for review.

Substantial evidence supports the agency's finding that the mistreatment Hermawan experienced did not rise to the level of past persecution. *See Nagoulko,* 333 F.3d at 1016–17. In addition, Hermawan failed to establish a well-founded fear of future persecution because, although she is a member of a disfavored group, she did not demonstrate the requisite individualized risk of persecution. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 927–28 (9th Cir.2004). Substantial evidence also supports the agency's well-founded fear finding because Hermawan's similarly-situated parents and sister continue to live in Indonesia without

harm. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001). Furthermore, the record does not compel the conclusion that there is a pattern or practice of persecution of Chinese Christian women in Indonesia. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc). Accordingly, Hermawan's asylum claim fails.

Because Hermawan did not establish asylum eligibility, it necessarily follows that she did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

Substantial evidence supports the agency's denial of CAT relief because Hermawan failed to establish that it was more likely than not that she will be tortured if returned to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

The BIA did not abuse its discretion in denying Hermawan's motion to reconsider because the motion failed to specify any legal or factual error on the part of the agency. *See* 8 C.F.R. § 1003.2(b)(1), (b)(3); *Iturribarria v. INS,* 321 F.3d 889, 895 (9th Cir.2003) (a motion to reconsider must specify the errors of fact or law in the agency's prior decision).

**PETITIONS FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.